IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **TRAFIGURA TRADING LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CASE NO. 3:16-cr-0028 |
| ) | |
| **VIRGIN ISLANDS WATER AND POWER** ) | |
| **AUTHORITY,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## ORDER

**THIS MATTER** comes before the Court on Plaintiff's Verified Motion for Leave to Issue Execution, filed on May 6, 2025. (ECF No. 106.) WAPA did not file a response to said motion, instead, WAPA filed a motion on August 27, 2025, seeking to "dismiss" the motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 107.) Plaintiff filed a response on September 3, 2025, and WAPA filed a reply thereto. *See* ECF Nos. 109 and 110. For the reasons stated below the Court will grant Plaintiff's motion seeking leave to issue execution and will deny WAPA's dismissal motion.

I.

This action commenced on April 5, 2016, when Plaintiff filed a complaint asserting certain causes of action against WAPA. After engaging in discovery, the parties entered into a Consent Judgment on May 10, 2017, wherein Judgment was entered in favor of Plaintiff and against WAPA on Count One of the First Amended Complaint in the amount of $24,469,775.17. (ECF No. 79.) Due to the Judgment not being satisfied, Plaintiff filed the instant motion pursuant to 5 V.I.C. § 488 in order to execute on the Judgment.

II.

Under Rule 69(a) of the Federal Rules of Civil Procedure, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1). In order to obtain a writ of execution, a party must comply "with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* The Consent Judgment in this matter was entered on May 10, 2017, with no issuance of an

*Trafigura v. VIWAPA*
Case No. 3:16-cv-0028
Order
Page **2** of **3**

execution on the Judgment. Thus, since a period of five years have elapsed since the entry of judgment and there being no issuance of an execution on the judgment, title 5, section 488 of the Virgin Islands Code provides the procedure for Plaintiff to obtain a writ of execution. In order to obtain a writ of execution after the five-year lapse, section 488 provides:

> The party in whose favor a judgment was given shall file a motion with the clerk of the court where the judgment was entered for leave to issue an execution. The motion shall state the names of the parties to the judgment, the date of its entry, and the amount claimed to be due thereon, or the particular property on which the possession was thereby adjudged to such party remaining undelivered. The motion shall be subscribed and verified in like manner as a complaint in an action.

*Id*. at § 488(1). Section 488 further provides that "[a]t any time after filing such motion the party may cause a summons to be served on the judgment debtor in like manner and with like effect as in an action." *Id*. at § 488(2).

After the filing of the motion, "[t]he judgment debtor . . . may file an answer to such motion within the time allowed to answer a complaint in an action, alleging any defense to such motion which may exist. If no answer is filed within the time prescribed the motion shall be allowed of course." *Id.* at § 488(4).

III.

Here, Plaintiff filed the instant motion seeking leave to issue execution stating that it and WAPA were parties to the Consent Judgment, that judgment was entered on May 10, 2017, and that the amount claimed to be due is $31,321,312.22, inclusive of interest. ECF No. 106 at 2-3. The motion was subscribed and verified by Plaintiff's Chief Financial Officer on May 6, 2025. Thus, Plaintiff has complied with the procedural requirements of section 488.

WAPA was required to file an answer to the motion within 21 days of the filing of the motion. *See* 5 V.I.C. § 488(4) (requiring a judgment debtor to "file an answer to such motion within the time allowed to answer a complaint in an action . . . .") WAPA failed to do so. This failure would require the Court to summarily grant the motion. *See Id*. ("If no answer is filed within the time prescribed the motion shall be allowed of course."). Instead, WAPA filed a dismissal motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that Plaintiff has failed to state a claim because WAPA is exempt from execution and other

judicial process on its property. WAPA, again, seeks to evade any execution on the Consent Judgment based on 30 V.I.C. § 111(a).

As the Court stated in its February 29, 2024 Order, "WAPA does not have complete immunity from execution." *See* ECF No. 93 at 3-4. WAPA is correct that section 111(a) does state: "[a]ll property including funds of [WAPA] shall be exempt from levy and sale by virtue of an execution, and no execution or other judicial process shall issue against the same nor shall any judgment against the Authority be a charge or lien upon its property . . .." Notwithstanding this language the Third Circuit stated in *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 429 (3d Cir. 1991):

> We have interpreted § 111(a) as permitting WAPA to refuse to pay judgments entered against it. *Concepcion v. Soto*, 519 F.2d 405 (3d Cir. 1975). But this provision does not grant full immunity to WAPA. *Thus, a plaintiff may be able to satisfy a judgment against WAPA by relying on WAPA's liability insurance, if any exists. Id*. at 406. Absent explicit statutory exclusions, we decline to afford WAPA complete immunity for failure to repair its equipment.

(emphasis added). The Court further stated: "to the extent that section 111(a) protects WAPA from execution, it bars execution only against WAPA's property and not from an instrument that may used to pay a judgment." Order at ECF 93 at 4.

Section 488 does not require a judgment creditor to identify the assets that it will execute on.  Thus, the Court finds that Plaintiff has alleged facts in compliance with 5 V.I.C. § 488(1) and will be allowed leave to execute on the Consent Judgment once Plaintiff is not seeking to execute on any property exempted under 30 V.I.C. § 111(a).

### IV.

For the reasons stated above, it is hereby

**ORDERED** that Plaintiff's Verified Motion for Leave to Issue Execution, filed on May 6, 2025, ECF No. 106, is **GRANTED;** it is further

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's Motion for Leave to Issue Execution, filed on August 27, 2025, ECF No. 107, is **DENIED.**

**Date:**  February 2, 2026                     */s/ Robert A. Molloy*
                                                 **ROBERT A. MOLLOY**
                                                 **Chief Judge**